### FRIO CANYON TELEPHONE COMPANY, Appellant,

v.

### The CITY OF LEAKEY et al., Appellees.

No. 15415.

Court of Civil Appeals of Texas, San Antonio.

June 25, 1975.

Jerold L. Schmidt, Dallas, for appellant.

Clemens, Weiss, Spencer & Welmaker, George H. Spencer, San Antonio, Kessler, Nichols & Harris, Uvalde, for appellees.

BARROW, Chief Justice.

This is a telephone-rate case. Company has duly perfected an appeal from the dismissal of its suit to enjoin City from enforcing the 1973 ordinance which fixed telephone rates in the City of Leakey. The sole question presented is whether appellant-Company had exhausted its administrative remedies before it brought this action against appellee-City and its City Council. The trial court concluded that the Company had not done so and sustained City's plea in abatement.

Company for many years has owned and operated a telephone exchange system rendering service under a franchise granted by City. It concedes that the power to regulate rates is conferred on City by Article 1119 and Article 1175, subd. 12, and as more particularly defined in Article 1124.[1] Com-

---

1. All statutory references are to Vernon's Tex.Rev.Civ.Stat.Ann.

pany is a corporation with three officers and stockholders, to-wit: R. F. Bindock, his wife, Mrs. Bindock, and their son, Bruce Bindock. In June of 1974, Bruce Bindock appeared before the monthly meeting of the City Council of Leakey and verbally requested a rate increase. No formal action has been taken on this request although it was discussed at the City Council meetings in July, August and October. On September 4, and again on September 19, representatives of the City requested that City be furnished a certified financial statement and operating statement of the Company so that it could evaluate the need for a rate increase. These documents have never been furnished.

On October 7, 1974, Company made a written request for a rate increase which was supported by exhibits prepared by Mr. Joe Nall, a rate consultant employed by Company. No action was taken on the request at this meeting, but after the meeting, the City employed Mr. Jack Hopper as its rate consultant. Mr. Hopper examined the exhibits prepared by Mr. Nall and, at his direction, City's attorney wrote the Company on October 18, and requested certain information so that Mr. Nall's report could be substantiated. In the meantime, Company filed this suit on October 14, 1974, although no service was had on members of the City Council until in early December. Company has never furnished the information requested in the October 18 letter. Mrs. Bindock advised the City Secretary shortly after receipt of the letter that Company was checking to see if it had to furnish this information and that City would be notified of Company's decision.[2] No reply was made by Company to the October 18 request other than an unrelated offer on October 23 to permit City representatives to examine Company's books during regular office hours.

The trial court found that the information requested by the City was reasonably necessary for City to determine the necessity for a rate increase and that such information could have been furnished at a reasonable cost by Company. The court concluded that Company failed to exhaust its administrative remedies by presenting information as reasonably required by City.

Company does not question its obligation to furnish City with sufficient information so that City may intelligently exercise its legislative function of fixing proper rates. See: General Telephone Co. of S.W. v. City of Garland, 509 S.W.2d 927 (Tex.Civ.App.— Dallas 1974, writ ref'd n. r. e.); Schenker v. City of San Antonio, 369 S.W.2d 626 (Tex. Civ.App.—San Antonio 1963, writ ref'd n. r. e.). It urges, however, that sufficient information has been furnished to enable City to act and that its net earnings from this exchange do not justify the expense of providing additional information.

The undisputed evidence establishes that nothing has been furnished other than the exhibits prepared by Company's consultant from his personal examination of Company's books. It was not unreasonable in this situation for City to request that information be supplied from which it could substantiate the exhibits prepared by Mr. Nall. City was not required to accept, without any verification or substantiation, the conclusion of the company's rate consultant. Nor can it be said that City made an unreasonable request for information upon which it could determine a proper rate. In fact, nothing has been furnished to the City other than the verbal requests of Company's officer and the unsupported exhibits of Company's rate consultant.

The trial court did not err in sustaining City's plea in abatement and dismissing the action upon Company's refusal to furnish the information requested by the City.

The judgment is affirmed.

2. Mrs. Bindock was Secretary-Treasurer of Company and authorized to make this statement.